UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 06-10762 |
| | : | CHAPTER 7 |
| WATKINS BUILDERS, INC., DEBTOR | : | |
| | : | |
|    B & L WHOLESALE SUPPLY, INC., | : | DOCUMENT NO. 74 |
|    Movant | : | |
|            vs. | : | |
|    WATKINS BUILDERS, INC., and | : | |
|    RICHARD ROEDER, ESQ., Trustee, | : | |
|    Respondents | : | |

APPEARANCES:

EDWIN W. SMITH, ESQ., ERIE, PA, ATTORNEY FOR B&L WHOLESALE SUPPLY, INC.
JENNIFER JONES, ESQ., TITUSVILLE, PA, ATTORNEY FOR RICHARD ROEDER, ESQ.,
     TRUSTEE

WARREN W. BENTZ, U.S. BANKRUPTCY JUDGE

FEBRUARY 6, 2008

## OPINION[1]

### Introduction

     Watkins Builders, Inc. ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 6, 2006. Richard W. Roeder ("Trustee") serves as Chapter 7 Trustee. Before the Court is the AMENDED MOTION FOR RELIEF FROM STAY ("Motion") filed by B&L Wholesale Supply, Inc. ("B&L").

     Debtor served as a general contractor for construction projects at Forest View Healthcare Center, Inc. d/b/a Springhill Senior Living Community ("Forest View"). B&L supplied

---

[1] This Opinion constitutes finds of fact and conclusions of law. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

1

materials for the projects. Debtor owes B&L $49,456.20 for materials. B&L filed a claim for mechanic's lien on the final project in the above amount.

The Trustee disputes the validity and enforceability of the mechanic's lien claim. It was agreed by the parties that the alleged mechanic's lien claim of B&L would transfer to the fund presently held by the Trustee and that the validity of the mechanic's lien claim would be litigated within this Motion.

A trial/evidentiary hearing was held on January 9, 2008 and the parties were afforded the opportunity to file post-trial briefs. The briefs have been filed and the matter is ripe for decision. We find that the mechanic's lien waiver was not timely filed and that the mechanic's lien claim filed by B&L is valid.

## Discussion

The validity of a mechanic's lien waiver and B&L's mechanic's lien claim are governed by 49 Pa. Stat. § 1402. That section indicates that a contract or written instrument signed by the contractor which provides that no claim shall be filed by anyone shall be binding upon subcontractors, but that the only evidence against the subcontractor to make this waiver binding shall be proof of:

(a) Actual notice of the filing of the lien waiver before any labor or materials were furnished by them; or

(b) Proof that the waiver was filed in the offices of the Prothonotary prior to the commencement of the work upon the ground; or

(c) Proof that the waiver was filed within ten (10) days after the execution of the principal contract; or

(d) Proof that the waiver was filed not less that ten (10) days prior to the contract with the claimant subcontractor.

1. Actual Notice.

There is no evidence that B&L had actual notice of the filing of the waiver before it furnished materials for the project.

2. Was the waiver filed prior to commencement of work upon the ground?

Debtor served as contractor for multiple projects for Forest View. Debtor contracted to do a re-roofing job on B, C and D wings of Forest View's residential living facility. The re-roofing contract was executed on April 28, 2005 and a mechanic's lien waiver limited to roof replacement on the B, C and D wings was filed on that same date. By its terms, the mechanic's lien waiver filed on April 28, 2005 applies only to the re-roofing contract on the B, C and D wings. It does not apply to Phase II and III work on different property. B&L delivered shingles to commence the re-roofing project in the afternoon on April 28, 2005.

Debtor also served as a contractor on a separate project known as Phase II and III for new Garden Homes. The contract is dated April 20, 2005. The mechanic's lien waiver for this project was filed on May 16, 2005. B&L delivered products for use in Phase II and III prior to May 16, 2005.

We find that the delivery and storage of materials at the work site for use in Phase II and III constitutes the commencement of work upon the ground and that such work commenced prior to the filing of the mechanic's lien waiver.[2] Debtor ordered material for use on Phase II and III on May 4; the order was entered in B&L's computer system on May 5; the order was shipped on May 10 and delivered by May 12; and was invoiced by B&L to the Debtor on May 14 – all prior to the filing of the mechanic's lien waiver on May 16.

---

[2] The evidence further shows that excavation work was commenced by another contractor for Phase II and III prior to May 16, 2005.

3

3. <u>Was the waiver filed within ten (10) days after execution of the principal contract?</u>

The principal contract between the property owner and the Debtor for Phase II and III is dated April 20, 2005. The mechanic's lien waiver covering Phase II and III was filed May 16, 2005. The mechanic's lien waiver was not filed within ten (10) days after execution of the principal contract.

4. <u>Was the mechanic's lien waiver filed not less than ten (10) days prior to the contract with the subcontractor?</u>

Debtor knowingly ordered and B&L knowingly delivered products for use in Phase II and III prior to the May 16, 2005 filing of the mechanic's lien waiver covering Phase II and III. The contract date occurred prior to the delivery date when the product was ordered. The mechanic's lien waiver was not filed prior to the contract with the subcontractor.

## Conclusion

The mechanic's lien waiver filed on May 16, 2005 covering the construction contract between the property owner and the Debtor for work on the project known as Phase II and III is invalid as to B&L under 49 Pa. Stat. § 1402. B&L has a valid mechanic's lien and is entitled to payment from the funds in possession of the Trustee.

An appropriate Order will be entered.

/s/ Warren W. Bentz
Warren W. Bentz
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 06-10762 |
| | : | CHAPTER 7 |
| WATKINS BUILDERS, INC., DEBTOR | : | |
| | : | |
| B & L WHOLESALE SUPPLY, INC., Movant | : | DOCUMENT NO. 74 |
| | : | |
| vs. | : | |
| WATKINS BUILDERS, INC., and RICHARD ROEDER, ESQ., Trustee, Respondents | : : : | |

## **ORDER**

This 6th day of February, 2008, in accordance with the accompanying Opinion, it shall be, and hereby is ORDERED that the mechanic's lien claim of B&L Wholesale Supply, Inc. in the amount of $49,456.20 is allowed and Richard W. Roeder, Esq., Chapter 7 Trustee is directed to pay said amount to B&L Wholesale Supply, Inc.

/s/ Warren W. Bentz
Warren W. Bentz
United States Bankruptcy Judge